# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

HARVEY POWERS,

          Petitioner,

v.                                             Case No. 04-CV-471

UNITED STATES OF AMERICA,

          Respondent.

_____

## ORDER

On July 11, 1007, this court issued a decision and order denying Harvey Powers' petition under 28 U.S.C. § 2255 and dismissed the action. Thereafter, Powers filed a notice of appeal and a request for a certificate of appealability ("COA").[1] For the reasons set forth below, the court will deny Powers' request for a COA.

Pursuant to 28 U.S.C. § 2253(c), the district court must consider whether to grant a COA. The statute states that an appeal may not be taken unless a "circuit justice or judge" grants a certificate of appealability, and Rule 22 of the Federal Rules of Appellate Procedure provides that "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). After carefully reviewing the order denying Powers' § 2255 petition, the court concludes that his request for a COA must be denied.

---

[1] Powers timely filed a notice of appeal on September 13, 2007. He moved for several extensions to file his COA, each of which the court granted on August 12, 2007, October 29, 2007, and December 13, 2007.

A prisoner seeking a COA must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322. 327 (2003), rev'd on other grounds, *Miller-El v. Dretke*, 545 U.S. 231 (2005).

Powers raises three issues that he believes merit appellate review. First, he argues that the government's withholding of a consent form violated his due process rights and his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). Second, he argues that his trial counsel was ineffective for failing to secure trial transcripts of his co-defendants' trials. Third, he argues that both his trial and appellate counsel were ineffective for failing to properly litigate Powers' Title III and Fourth Amendment suppression motions.

First, the court concludes that the issues relating to the alleged government withholding of a consent form do not warrant appellate review because jurists of reason could not debate that Powers' filings state a valid claim for a denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (noting that a habeas petitioner seeking a COA "must make a substantial showing of the denial of a constitutional right"). First, Powers did not raise these claims in his original or amended complaint, and arguments raised for the first time in a reply brief are considered waived. *Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004).

More importantly, the issues presented in Powers' reply were not meritorious. Powers claimed that the government intentionally withheld information concerning Patricia Wolf's consent to install listening devices in her home, namely, a consent form referenced in her diary, and that this interfered with his ability to properly litigate his pretrial Title III suppression motions. Powers framed his argument as a violation of *Brady v. Maryland*, 371 U.S. 812 (1962). Under Brady, a petitioner must demonstrate: (1) that the government suppressed evidence; (2) that this evidence was favorable to the defense; and (3) that the evidence was material to an issue at trial. *United States v. Walton*, 217 F.3d 443, 450 (7th Cir.2000). Powers was unable to demonstrate any of these requirements. First, in his civil suit, all relevant attorneys and agents averred that they were not even aware that any consent form Wolf allegedly signed even existed, and furthermore, that it was not even standard practice to keep such forms. (*See Powers v. Bureau of Alcohol, Tobacco, and Firearms*, 03-CV-893 at Docket #s 45, 46, and 61-65.) Furthermore, it is difficult to imagine how the consent form would have been favorable to any of the defendants' defenses, and it certainly was not material to any of the underlying pretrial claims. As this court previously noted in the adjudication of these § 2255 petitions, the Title III issues were exhaustively litigated at nearly every stage of this prosecution, and any information relating to the existence or suppression of consent forms would have had no bearing on the outcome of all of these decisions.

The court similarly finds that his request for a COA for his ineffective assistance of counsel claims should be denied. As the court noted in denying

Powers' petition, he was not entitled to transcripts of his co-defendants' jury trial. The Supreme Court in *Brit v. North Carolina*, 494 U.S. 226 (1971) held that when an indigent defendant requests transcript of prior proceedings, the court must evaluate: (1) the value of the transcript to the defendant to prepare an adequate defense; and (2) the availability of alternative avenues that may fulfill the same functions as the transcript. *Id.* at 227. Here, although transcripts of the proceedings would have been useful for Powers' attorney, as an alternative, he could have observed the actual trial, a tactic that may have been even more helpful in preparing for his own client's trial. Therefore, Powers was not entitled to a transcript of the proceedings and his attorney was not ineffective for failing to secure the jury trial transcripts. In affirming Powers' conviction and sentence, the Seventh Circuit even commented on the great utility of observing a trial of the co-defendants. *See United States v. Warneke*, 310 F.3d 542 (7th Cir. 2002) (noting that Powers' attorney enjoyed "the invaluable benefit of watching the other seven defendants' trial").

Finally, Powers is unable to establish that either his trial or appellate counsel were ineffective for failing to successfully move for suppression of the Title III evidence used against him at trial. As the court determined in Powers' § 2255 petition, he was not able to establish either prong of the *Strickland* standard in his ineffective assistance of counsel claims relating to these issues, and was, therefore, not entitled to relief. Therefore, the court is constrained to deny a COA on these grounds because a reasonable jurist could not find that Powers' Sixth Amendment rights had been denied. *See Slack* 529 U.S. at 484.

Accordingly,

**IT IS ORDERED** that Harvey Powers' request for a certificate of appealability [Docket #28] be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge